**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00193-CV**
_____

**IN RE CAROLYN BARNES**

_____

**Original Proceeding**
**Probate Court No. 1 of Montgomery County, Texas**
**Trial Cause No. 20-39251-P**
_____

**MEMORANDUM OPINION**

On April 15, 2025, the local administrative judge for the Statutory Probate Courts of Montgomery County, Texas, signed an order denying Carolyn Barnes's request to file new litigation in Trial Cause Number 20-39251-P, *In the Estate of Darrell John Bednorz, Deceased*. Barnes is a vexatious litigant subject to a prefiling order that prohibits her from proceeding pro se without obtaining permission from the appropriate local administrative judge. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a). On May 19, 2025, Barnes filed a petition for a writ of mandamus that challenges the trial court's order denying Barnes's permission to file an intervention

1

in Trial Cause Number 20-39251-P.[1] *See id.* § 11.102(f); *see also In re Cooper*, No. 05-21-00549-CV, 2021 Tex. App. LEXIS 6595, at *2 (Tex. App.—Dallas Aug. 10, 2021, orig. proceeding) (mem. op.); *In re Retzlaff*, No. 09-18-00093-CV, 2018 Tex. App. LEXIS 1836, at *1 (Tex. App.—Beaumont Mar. 13, 2018, orig. proceeding) (mem. op.) (applying section 11.102 to an intervention filed by a vexatious litigant).

A vexatious litigant may apply for a writ of mandamus with the court of appeals no later than the 30th day after the date of the decision. Tex. Civ. Prac. & Rem. Code Ann. § 11.102(f). The 30-day limit is jurisdictional. *See In re Carroll*, No. 05-25-00436-CV, 2025 Tex. App. LEXIS 2564, at *1 (Tex. App.—Dallas Apr. 15, 2025, orig. proceeding) (mem. op.).

Barnes filed her mandamus petition more than 30 days after the local administrative judge denied leave for her to file her intervention in Trial Cause Number 20-39251-P. Barnes's petition is not timely. Accordingly, the petition for a writ of mandamus is dismissed.

---

[1] Barnes's mandamus petition includes complaints about the statutory probate court's rulings in Trial Cause Number 20-39251-P. Barnes also attempted to file a notice of appeal from the statutory probate court's orders concerning Barnes's intervention in *Estate of Bednorz*. As a vexatious litigant Barnes must obtain permission from the local administrative judge before she may proceed in a Texas court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102(f). The Clerk of the Court may not file an appeal presented pro se by a vexatious litigant subject to a prefiling order unless the litigant obtains an order from the appropriate administrative judge permitting the filing. *Id.* § 11.103(a).

PETITION DISMISSED.

PER CURIAM

Submitted on June 4, 2025
Opinion Delivered June 5, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.